UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BRUCE E. MARINACE,                                        No. 08-12485

　　　　　　　　　　　　Debtor(s).
_____/

MICHAEL MARINACE, et al.,

　　　　　　　　　　　　Plaintiff(s),

　　　　v.                                                    A.P. No. 10-1005

BRUCE E. MARINACE,

　　　　　　　　　　　　Defendant(s).
_____/

Memorandum After Trial
_____

　　　　Debtor and defendant Bruce Marinace filed his Chapter 7 petition on November 20, 2008.  He scheduled an "account receivable" owing to him from Jeremy Larsen as having a value of one dollar, even though there was then about $40,000 plus interest owing to him, Larsen had paid him a few thousand dollars just before bankruptcy, and a similar obligation to Marinace's wife had been paid in full.  Marinace claimed the "receivable" exempt in the amount of one dollar.

　　　　Between the date of filing and the meeting of creditors about five weeks later,  Marinace

1

received several thousand dollars in payments from Larsen.  Although the Chapter 7 trustee asked Marinace questions about the Larsen obligation, Marinace did not tell the trustee about the postpetition payments nor did he amend his schedules.  Marinace continued to receive regular payments from Larsen, including about $35,000.00 after Marinace's discharge was entered on February 18, 2009. Marinace did not disclose any of these payments until after his bankruptcy was reopened at the request of plaintiffs so that they could bring this action to revoke Marinace's discharge.

Plaintiff Michael Marinace is Bruce Marinace's father.  He holds a power of attorney for two of Bruce's brothers.  Along with brothers Peter Marinace and Keith Marinace, who are also plaintiffs, they hold a claim against him arising out of his managing of their mother's affairs as guardian.[1]

Section 727(d)(2) of the  Bankruptcy Code provides that upon request of a creditor the court shall revoke the debtor's discharge if the debtor acquired property of the estate and knowingly and fraudulently failed to report the property or deliver it to the trustee.  Since the "receivable" from Larsen was exempt only to the extent of one dollar, everything above that amount which Marinace received from Larsen after the bankruptcy filing belonged to the bankruptcy trustee.  *Schwab v. Reilly,* – U.S. –, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010).   The court has no difficulty finding that Marinace knowingly and fraudulently failed to turn over his postpetition payments from Larsen to the trustee based on his failure to disclose them to the trustee when the subject came up at the meeting of creditors and the fact that Marinace himself had, before bankruptcy, used the threat of pursuit by a bankruptcy trustee to induce Larsen to pay him.

Marinace's argues that Robert Marinace is not a real party in interest and is not entitled to bring this action on behalf of his sons Michael and Phillip by virtue of a power of attorney.  However, the court notes that even if this argument has merit Rule 17(a)(3) provides that an action may not be

---

[1]Marinace duly scheduled their claim in his schedules in care of their lawyer, but the lawyer moved his office and the bankruptcy notice was not forwarded so plaintiffs had no actual knowledge of the bankruptcy until after the discharge was entered. This fact might be relevant in an action to determine the dischargeability of a debt, but has no relevance in an action to revoke a discharge under § 727(d)(2).

2

dismissed without giving the real parties in interest the opportunity to ratify the action. In addition, Keith Marinace is a named plaintiff suing for himself and is a scheduled creditor. Only a single creditor plaintiff is necessary to revoke a discharge pursuant to § 727(d)(2).

For the foregoing reasons, judgment shall be entered revoking the discharge. Plaintiffs shall recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiffs shall submit an appropriate form of judgment forthwith.

Dated: December 13, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

3